UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDRA NELSON,<br><br>                              Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>                              Defendant. | Case No.: 3:25-cv-01402-CAB-BLM<br><br>**ORDER GRANTING MOTION FOR 42 U.S.C. § 406(b) FEES**<br><br>[Doc. No. 14] |

Before the Court is Plaintiff's counsel's motion for attorney fees under 42 U.S.C § 406(b). [Doc. No. 14.] Counsel requests $20,502.52 offset by an order to credit Plaintiff for the EAJA fees previously paid in the amount of $2,669.50. [Doc. No. 13 at 1, 5.] This request represents approximately 18% of Plaintiff's past-due benefits, which total $113,902.90. [Doc. No. 14 at 3–4.] Plaintiff has not filed a response. The government does not oppose. [*See* Doc. No. 16 at 3.]

"Whenever a court renders a judgment favorable to a claimant[,]" "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . [.]"  42 U.S.C. § 406(b).  In

evaluating an attorney-fee request, courts "must respect the primacy of lawful attorney-client fee arrangements," "looking first to the contingent-fee agreement, then testing it for reasonableness[.]" *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (citation omitted). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Factors the Court may consider in evaluating the reasonableness of the attorney fees: "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases." *Avina v. Saul*, No. 18-CV-1728-W-MSB, 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021).

Plaintiff assented in her contingency agreement to a fee of "twenty-five percent (25%) of the past-due benefits that are awarded to [Plaintiff] in the event [her] case is won." [Doc. No. 14-2 at 1.] This bargained-for percentage is presumptively valid. *See Gisbrecht*, 535 U.S. at 807–08. Counsel invested her resources on contingency and achieved remand for her client. [*See* Doc. No. 14 at 3.] On remand, Plaintiff secured a favorable decision and was granted past-due disability benefits of $113,902.90. [*Id.*] The Court does not have evidence of dilatory conduct or undue delay. Indeed, counsel expended only 10.6 hours of attorney time to achieve these results, which is reasonable. [*Id.* at 4.]

This case was remanded after the parties engaged in settlement proceedings. [Doc. Nos. 9, 10.] Counsel appears to have been so efficient, in fact, that the effective hourly rate for the time spent by her office was $1,934.20. [Doc. No. 14 at 4.] Even though this figure is at the high end of an effective hourly rate, given the success achieved, it is not unreasonable compared to, and does not grossly exceed, fees that courts have approved. *See, e.g., Yolanda E. v. Comm'r Soc. Sec. Admin.*, No. 2:21-cv-8704-AGR, Doc. No. 27 at 2 (C.D. Cal. Mar. 3, 2023) (allowing effective hourly rate of "approximately $2,000"); *Bradley H. v. Comm'r Soc. Sec. Admin.*, No. 2:18-cv-03611-AFM, Doc. No. 38 (C.D. Cal.

3:25-cv-01402-CAB-BLM

June 22, 2020) (accepting an effective hourly rate of $1,709); *Reddick v. Berryhill*, No. 16-CV-29-BTM-BLM, 2019 WL 2330895, at *1–2 (S.D. Cal. May 30, 2019) (granting $43,000 in fees for 21.6 hours of work, yielding an effective hourly rate of $1,990.74); *Truett v. Berryhill*, No. 13-CV-2742 W (BLM), 2017 WL 3783892, at *2 (S.D. Cal. Aug. 31, 2017) (accepting a "high hourly rate of $1,788.62").

When a valid attorney-client fee arrangement exists, the fee statute is not meant to displace that agreement, but to act as a check on the reasonableness of fees. *See Gisbrecht*, 535 U.S. at 793. Since *Gisbrecht*, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non[-]contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).

The Court concludes that the requested fees are reasonable, and Plaintiff's counsel should not be penalized for efficiency. *See Crawford*, 586 F.3d at 1151. Counsel's unopposed request for fees under 42 U.S.C. § 406(b) is **GRANTED**. Counsel is entitled to $20,502.52 out of Plaintiff's past-due benefits. Counsel must reimburse Plaintiff the $2,669.50 EAJA fees already paid. Doc. No. 14 at 5; *see also Gisbrecht*, 535 U.S. at 796 (noting that, when section 406(b) fees are awarded, "the claimant's attorney must refund to the claimant the amount of the smaller [EAJA] fee").

It is **SO ORDERED**.

Dated: June 24, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge